OPINION
{¶ 1} Defendant-appellant Robert Howard appeals from the decision of the Belmont County Common Pleas Court which sentenced him to five different terms in prison all to run consecutively for a total period of four years. The issue before us is whether the court made sufficient findings and reasons for imposing consecutive sentences. For the following reasons, the entry ordering consecutive sentences is reversed, and this case is remanded for resentencing.
 STATEMENT OF FACTS {¶ 2} From September 22, 1999 through December 2, 1999, appellant sold crack cocaine to a confidential informant who videotaped the transactions. Appellant was indicted on six counts: one count of knowingly selling counterfeit cocaine, three counts of fourth degree felony trafficking in under one gram of crack, and two counts of fifth degree felony trafficking in over one gram but under five grams of crack. On December 19, 2001, a jury found him guilty of all counts except the first one dealing with knowingly selling counterfeit crack. A sentencing hearing was held on January 22, 2002, and the sentence was journalized on February 26, 2002. The court sentenced appellant to eight months on each of the three fifth degree felonies and twelve months on both of the fourth degree felonies. The sentences were ordered to run consecutively for a total of four years in prison. The within timely appeal followed.
 ASSIGNMENT OF ERROR {¶ 3} Appellant's sole assignment of error provides:
 {¶ 4} "The trial court plainly erred in failing to make and support the requisite statutory findings before imposing consecutive sentences upon Mr. Howard at his sentencing hearing."
 {¶ 5} First, appellant argues that the trial court is required to orally announce its findings and reasons in support of consecutive sentences at the sentencing hearing and thus this appellate court cannot review the written sentencing entry as well as the transcript to determine if the trial court properly supported its decision. Most courts, including this one, have ruled that the sentencing court can view both. See, e.g., State v. Rogers, 7th Dist. No. 01CO5, 2002-Ohio-1150, at ¶ 16; State v. Williams, 7th Dist. No. 00CA206, 2001-Ohio-3488, at ¶ 11; State v. Palmer (Nov. 19, 2001), 7th Dist. No. 99CA6. See, also, State v. Edmonson (1999), 86 Ohio St.3d 324 (where the Supreme Court itself evaluated both the transcript and the sentencing entry to determine whether a proper finding for deviating from the minimum was made).
 {¶ 6} This issue is currently pending before the Ohio Supreme Court. They accepted a certified conflict from State v. Comer (Jan. 25, 2002), 6th Dist. No. L-9901296 (reupholding their prior case law that the court can state its findings regarding deviation from the minimum or imposition of consecutive sentences either at the hearing or in a judgment entry). See Supreme Court case numbers 02-0351 and 02-0422 set for hearing on March 12, 2003. Hence, we may have a direct and definitive decision on the issue within the year. Rather than staying this case pending such decision, we shall review both the transcript and the entry to determine sufficiency of the findings and reasons in light of the relevant statutory requirements because the case law of this district currently allows review of both and because, as will be seen below, our conclusion in this appeal is not directly impacted by Comer's future.
 {¶ 7} Pursuant to R.C. 2929.19(B)(2)(c), a court imposing consecutive sentences under R.C. 2929.14 shall make a finding that givesreasons for selecting consecutive sentences. A court may impose consecutive sentences for multiple offenses if the court finds as follows: consecutive sentences are necessary to protect the public from future crime or to punish the offender; and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and either (a) the offender committed multiple offenses while awaiting trial or sentencing, was subject to a sanction under R.C. 2929.16 — .18, or post-release control; or (b) the harm caused by the offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4).
 {¶ 8} The one and one-half pages where the court spoke at the hearing may arguably contain some reasoning in support of consecutive sentences. (Tr. 14-15). However, as appellant posits, the sentencing transcript contains none of the above required findings. In fact, the court's oral totaling of the consecutive sentences to make four years was extremely confusing. It is not until the entry that one can determine how the court actually arrived at a four-year total. (Tr. 14).
 {¶ 9} As for the required findings, the sentencing entry states that "consecutive sentences are necessary for not only protection of the public, especially at the housing complex, but also for punishment of this Defendant." (J.E. 6). As appellant concedes, this sufficiently recites the first required finding as set forth above. R.C. 2929.14(E)(4).
 {¶ 10} Appellant then argues that nothing in the sentencing entry can be construed as satisfying the second finding or any of the three available, alternative third findings. Although the entry makes multiple statements in support of imposing consecutive sentences which could arguably be construed as reasons, it appears that appellant is correct when he opines that the court failed to make all required findings. See J.E. starting at the last paragraph on page 5 where the court first mentions consecutive sentences and continuing through this paragraph onto page 6.
 {¶ 11} Although we have stated that magic or talismanic words are not required, using the language of the statute when placing the offender in the required categories would be the better practice to ensure compliance with requirement that findings are specified. Here, it does not appear feasible to attempt to construe the court's language, which may provide many reasons, as making the requisite findings. See State v.Jones (2001), 93 Ohio St.3d 391, 399 (holding that although the trial court explained some of its reasons for imposing consecutive sentences, it failed to make the statutorily required findings). Thus, regardless of whether we can review the transcript, the entry, or both, we conclude that this assignment of error has merit and is sustained.
 {¶ 12} Because we are reversing and remanding for resentencing on the grounds of insufficient findings, our actual decision is not affected by a future decision in Comer. Yet, the trial court may face uncertainty upon remand. For instance, if on remand the trial court states all requisite findings and reasons in the entry and then Comer holds that they must be in the transcript (or the trial court and Comer go vice versa), we will have to reverse again. Thus, to avoid these potential problems pending Comer, the trial court may wish to make all required findings supported by reasons at both the sentencing hearing and then again in the journal entry. This way, regardless of what Comer later holds, the trial court here will be compliant.
 {¶ 13} For the foregoing reasons, the entry ordering consecutive sentences is reversed and this case is remanded for resentencing.
Waite and DeGenaro, JJ., concur.